IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BARBARA L. JOHNSON,
WAYNE S. KING, and
RED CLIFF BAND OF LAKE SUPERIOR
CHIPPEWA INDIANS,
        Defendants.

Case No. 19-cv-629-wmc

## JUDGMENT OF FORECLOSURE AND SALE

The Defendants, Barbara L. Johnson, Wayne S. King, and Red Cliff Band of Lake Superior Chippewa Indians, having failed to appear, plead, or otherwise defend in this action, and default having been entered on November 13, 2019, and counsel for Plaintiff United States of America having requested judgment against the defaulted Defendants and having filed a proper motion and declarations in accordance with Fed. R. Civ. P. 55(a) and (b);

Judgment is hereby entered in favor the United States and against Defendants as follows:

1.    There is now due and owing to the United States as of and including March 25, 2020, the following sum as set forth in Attachment A.

2. The United States is entitled to Judgment of Foreclosure and Sale in the usual form of the leasehold interest in the mortgaged premises, located in Bayfield County, Wisconsin, and described more specifically as:

Located on the Red Cliff Indian Reservation, County of Bayfield, State of Wisconsin:

E 1/2 SW 1/4 SW 1/4 SE 1/4 SE 1/4 Section 33, Township 52 North, Range 4 West, 4th P.M., containing 1.25 acres, more or less, subject to all valid existing rights-of-way of record.

3. The leasehold interest in the mortgaged premises shall be sold at public auction in the County of Vilas, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin, five weeks or more after the entry of judgment, pursuant to Wis. Stat. § 846.102(3)(a)1. Such sale shall be made only to the Red Cliff Band of Lake Superior Chippewa Indians, an individual with the written consent of the Red Cliff Band of Lake Superior Chippewa Indians, or the Department of Housing and Urban Development.

4. The Defendants, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest, claim, and equity of redemption in said mortgaged premises.

5. In case of sale pursuant hereto:

   a) the United States Marshal shall give public notice of the time and place of the sale as required by law, and that notice of the sale be published in

the Bayfield County Journal, a newspaper distributed in the County of Bayfield Wisconsin;

b) the United States Marshal shall allow any of the parties to this action to purchase the leasehold interest in the above-described premises at the sale, provided that such the party is the Red Cliff Band of Lake Superior Chippewa Indians, an individual with the written consent of the Red Cliff Band of Lake Superior Chippewa Indians, or the United States, acting through the Department of Housing and Urban Development;

c) the United States Marshal shall file with the Clerk of this Court his report of the sale, and shall also immediately after the sale deposit the proceeds thereof, after deducting the costs and expenses of the sale, unless otherwise ordered by the Court;

d) the United States Marshal may accept from an eligible purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be deposited as above provided, and the balance of the sale price shall be paid to the United States Marshals' Service by the purchaser at the sale, within thirty (30) days of the date of sale, except that if the Secretary of Housing and Urban Development is the successful bidder at the sale, the United States Marshal may take the receipt of the United States in lieu of cash payment;

e) the United Marshal, upon compliance on the part of the purchaser with the terms of the sale as required by law, and upon confirmation of the sale

by the Court, shall make and execute to the purchaser a conveyance of leasehold interest in the premises so sold, as above described, stating the price paid therefor;

f) the United States Marshal shall deliver such conveyance of leasehold interest to the purchaser, upon compliance by the purchaser with the terms of the sale, the payment by the purchaser of any balance of the sale price to be paid, and upon confirmation of the sale by the Court;

g) the United States Marshal shall thereupon pay from the proceeds of the sale all claims superior to the United States as determined by the Court, and to the United States, the amount of said judgment, together with interest from the date of judgment on all of said sums as set forth in 28 U.S.C. § 1961(a), or so much thereof as the monies derived from the sale of the leasehold interest will pay the same, and take receipts therefor; and

h) the surplus money, if any, shall be subject to the further order of the Court.

6. The proceeds from the sale of the leasehold interest in the mortgaged property shall be applied as follows:

a) to the costs and expenses of the sale;

b) to the payment of the costs and disbursements taxed in this action;

c) in order of priority, toward the discharge of the debt adjudged to be due by the Court; and

d) to pay the surplus, if any, into the Court for any Defendant or other person entitled to the surplus, subject to the order of the Court.

7. If the proceeds of such sale are insufficient to pay these amounts, the United States Marshal shall specify the amount of the deficiency in his report of sale although a deficiency judgment is not being sought.

8. Upon confirmation of sale of the leasehold interest in the mortgaged premises:

a) the purchaser or purchasers, or his or their heirs, representatives or assigns shall be let into possession of the premises sold, upon production of the Marshal's conveyance of leasehold interest thereto or duly authenticated copy thereof;

b) any of the parties to this action who may be in possession of the premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them, shall deliver to such grantee or grantees named in such conveyance of leasehold interest possession of the mortgaged premises; and

c) a writ of assistance shall issue if necessary to secure such possession.

9. Any such foreclosure sale referenced above will not affect the status of the property as being held by the United States in trust for the Tribe.

10. The United States may pay any taxes or insurance premiums on the mortgaged premises now due or which shall hereafter become due before the sale

thereof and have a lien on the premises for the amount so paid with interest as set forth in 28 U.S.C. § 1961(a). In the event any such payments are made, the United States may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged premises.

11. Defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon the mortgaged premises and from doing any other act that may impair the value of the same.

Dated this 25th day of March, 2020.

BY THE COURT:

WILLIAM M. CONLEY
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 27th day of March, 2020.

by Chris Th— Deputy Clerk
PETER OPPENEER
Clerk of Court
United States District Court